# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0051-19T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

M.R.P.,

     Defendant-Appellant.

_____

       Submitted April 30, 2020 – Decided July 15, 2020

       Before Judges Alvarez and Suter.

       On appeal from the Superior Court of New Jersey, Law Division, Morris County, Indictment No. 10-09-1016.

       Robert Hillis McGuigan, attorney for appellant.

       Fredric M. Knapp, Morris County Prosecutor, attorney for respondent (John K. McNamara, Jr., Chief Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

     Petitioner M.R.P. appeals the denial on July 22, 2019 of his second petition for post-conviction relief. For the reasons that follow, we affirm.

In 2010, petitioner was indicted on thirty-one counts, including seven counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b); seven counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); six counts of second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a); three counts of first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(a); two counts of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a); and four counts of second-degree sexual assault, N.J.S.A. 2C:14-2(c)(3)(a). Six counts were severed. Petitioner was convicted by a jury on twenty-five charges and sentenced in 2011 to an aggregate forty-year term with thirty-four years of parole ineligibility.

We affirmed petitioner's conviction and sentence. See State v. M.R.P., A-2982-11 (App. Div. Sept. 5, 2014). His petition for certification was denied. State v. M.R.P., 220 N.J. 575 (2015).

Defendant's first PCR petition was denied on November 12, 2015. He raised a claim of ineffective assistance of counsel for not "advis[ing] him of a plea offer of [eighteen] years . . . ." We affirmed the denial in July 2017. State v. M.R.P., A-2430-15 (App. Div. July 18, 2017). His petition for certification was denied on February 28, 2018. State v. M.R.P., 232 N.J. 302 (2018).

This appeal concerns petitioner's second PCR petition, which was filed on June 14, 2019. He alleges ineffective assistance of trial and PCR counsel.

Petitioner claims he was not counseled by his attorney about an eighteen-year plea offer. He contends his attorney visited him in the prisoner holding area on June 24, 2009, telling him the State's plea offer of fifteen years was withdrawn and "the offer was now . . . [eighteen] years." His attorney advised he did not need to make a counteroffer, but she would visit him again to confer.

Petitioner attempted suicide a few days later and was hospitalized for six months. When he returned to jail in 2010, the prosecutor would only accept a plea to a thirty-year term.

In an October 23, 2017 letter, petitioner's attorney explained the State's offer of fifteen years was open "[f]or a substantial period of time," but withdrawn after he consistently rejected it. She said she had a discussion in the "hallway of the courthouse" about "the possibility of an [eighteen] year offer" with the assistant prosecutor, but the offer was "not formally extended by the State." "Instead, [counsel] advised . . . that [she] would discuss the potential counter-offer with [petitioner] and let [the assistant prosecutor] know if [eighteen] years was something [petitioner] would consider to resolve [his] case." Counsel conveyed this to petitioner, advising he "did not need to make

3

any counter-offers at that moment," but counsel would "discuss the situation" with him. Before she could do so, petitioner attempted suicide. When counsel visited him at the hospital, she "honored [his] doctor's directive" not to discuss the case. After petitioner returned to jail, the State advised it would not accept a plea of less than thirty years.

The PCR court denied petitioner's second PCR petition on July 22, 2019 because it was not timely filed under Rule 3:22-4(b) and 3:22-12(a)(2), having been filed more than five years after the 2011 conviction and a year after the denial in 2018 of his petition for certification. The PCR court held the issue of ineffective assistance of counsel was "raised and briefed" in petitioner's first PCR and appeal and could not be relitigated. The court could not relax these time frames based on an amendment to the Rules. See R. 1:3-4; R. 3:22-12(a)(2).

On appeal, defendant raises these issues:

> POINT I ALTHOUGH DEFENDANT'S SECOND PCR CLAIM WAS EXPLICITLY AND EMPHATICALLY BASED ON THE U.S. SUPREME COURT CASE OF LAFLER V. COOPER, AND CONCERNED A "CONVEYED BUT UNCOUNSELLED" PLEA OFFER, IN ITS SUBSTANTIVE RULING THE PCR COURT DISREGARDED THE EXPLICITLY CLAIMED PRECEDENT, MISCONSTRUING THE CLAIM, AS

A-0051-19T2

AT THE INITIAL PCR, TO INVOLVE AN "UNCONVEYED" OFFER.

POINT II  PROSPECTIVELY, THE ERRONEOUS SUBSTANTIVE RULING IN THIS CASE MUST NOT BE ALLOWED TO JUSTIFY APPLICATION OF THE RESJUDICATA (sic) BAR OF [R. 3:22-5]. TO PREVENT DEFENDANT FROM SEEKING RELIEF TO WHICH HE MIGHT OTHERWISE BE ENTITLED.

II.

The standard for determining whether counsel's performance was ineffective for purposes of the Sixth Amendment was formulated in Strickland v. Washington, 466 U.S. 668 (1984), and adopted by our Supreme Court in State v. Fritz, l05 N.J. 42 (l987).  In order to prevail on a claim of ineffective assistance of counsel, defendant must meet the two-prong test of establishing both that: (l) counsel's performance was deficient and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the Sixth Amendment to the United States Constitution; and (2) the defect in performance prejudiced defendant's rights to a fair trial such that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.

Petitioner contends his attorney failed to counsel him about an eighteen-year plea offer.  He argues his trial and PCR counsel were ineffective because

they represented that no plea offer was made to him, when in fact it was, but he was uncounseled regarding whether to accept it, contrary to Lafler v. Cooper, 566 U.S. 156 (2012). He argues—the uncounseled offer—was not addressed or decided in the earlier PCR and thus, the bar under Rule 3:22-5 should not apply.

Rule 3:22-4(b)(1) requires that, "[a] second or subsequent petition for post-conviction relief shall be dismissed unless: (1) it is timely under [Rule] 3:22-12(a)(2)[.]" The Rule provides:

> Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:
>
> (A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or
>
> (B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or
>
> (C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.
>
> [R. 3:22-12(a)(2)(A to C).]

A-0051-19T2

Only subsection "C" of the Rule applied here, because the case did not involve a new constitutional right, nor was there a newly discovered factual predicate.

We agree with the PCR court that the second PCR was time barred. Under the Rule, petitioner's second PCR had to be filed within one year of the denial of his first on November 12, 2015. The second PCR was filed on June 14, 2019, which was well beyond a year. The second PCR also was not timely filed regarding his appellate counsel's performance. It was filed more than a year after the petition for certification was denied on February 28, 2018. The late filing could not be excused under the Rules. See R. 3:22-12(b) and R. 3:22-4(b)(1).

There was no basis for PCR relief in this case. There was no evidence the State formally made an eighteen-year plea offer. The letter from petitioner's attorney provided that no formal offer was made. Counsel did not perform deficiently by not counselling him on something that was not offered.

Petitioner's claim for relief was based entirely on his unsupported statements that an offer was made, and he would have accepted it. Petitioner was not entitled to PCR relief based on self-serving statements. See State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (providing "a petitioner

must do more than make bald assertions that he was denied the effective assistance of counsel"). The record shows petitioner repeatedly rejected a shorter fifteen-year plea offer.

Defendant contends that res judicata does not apply because the actual issue—an uncounseled plea offer—was not "cognized" in the first PCR. We are not persuaded because petitioner never showed there was an eighteen-year plea offer. To the extent he previously argued he was not aware of the issue at all, that was addressed and cannot be the basis for relief. See R. 3:22-5. Post-conviction relief is neither a substitute for direct appeal nor an opportunity to relitigate cases already decided on the merits. State v. Preciose, 129 N.J. 451, 459 (1992).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0051-19T2